IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-07-152-L |
| | ) | |
| TIMOTHY LYLE SALLEE, | ) | |
| | ) | |
| Defendant. | ) | |

# O R D E R

On June 20, 2007, a federal grand jury issued a one-count indictment charging defendant with failing to update a registration as required by the Sex Offender Registration and Notification Act ("SORNA"), a subsection of the Adam Walsh Child Protection and Safety Act of 2006.  Specifically, the indictment alleges defendant, as "an individual required to register as a sex offender under the Sex Offender Registration and Notification Act after receiving a multi-count conviction from the state of Oregon . . . did knowingly fail to update a registration as required by the Sex Offender Registration and Notification Act (Adam Walsh Act), after traveling in interstate commerce to enter the state of Oklahoma."  Indictment at 1 (Doc. No. 1).

This matter is before the court on defendant's motion to dismiss the indictment.  Defendant argues prosecution of him under SORNA violates the *Ex Post Facto* and Commerce Clauses of the United States Constitution because his travel

in interstate commerce occurred two years before SORNA was enacted. The court takes judicial notice that defendant's Oregon conviction occurred on March 12, 1996, ten years before SORNA's July 27, 2006 effective date.[1] Thereafter, defendant traveled to Oklahoma and was present in the state no later than August 3, 2004 when he was arraigned on an outstanding warrant in Payne County, Oklahoma.[2]

In addition to creating a national system for registration of sex offenders, SORNA increased the criminal penalties associated with failure to register. Prior to SORNA, a first-time federal conviction for failure to register carried a maximum sentence of one year in prison. 42 U.S.C. §14072(i).[3] SORNA increased the maximum penalty to ten years imprisonment for

> Whoever–
>
> > (1) is required to register under the Sex Offender Registration and Notification Act;
> >
> > * * *
> >
> > (2)(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

---

[1] Oklahoma Sex and Violent Crime Offender Registry found at http://docapp8.doc.state.ok.us/servlet/page?_pageid=229&_dad=portal30&_schema=PORTAL30&offender_id=17239&first_name=Timothy&last_name=Sallee.

[2] *See* Docket Sheet in <u>State v. Sallee</u>, Case No. CF-1995-244 found at http://www.oscn.net/applications/ocisweb/GetCaseInformation.asp?submitted=true&viewtype=caseGeneral&casemasterID=915&db=Payne. The government does not contest that defendant traveled to the State of Oklahoma prior to SORNA's effective date.

[3] This provision, which was enacted as part of the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, remains in effect until July 27, 2009 or one year after the software described in SORNA is available, whichever is later. *See* 42 U.S.C. § 14072 (Effective Date of Repeal).

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act[.]

18 U.S.C. § 2250(a).

There is no dispute that defendant is a sex offender within the meaning of SORNA, as he is "an individual who was convicted of a sex offense."  42 U.S.C. § 16911(1).  The question is whether he meets the other two essential elements of the crime:  that is, that he is required to register under *SORNA* and he traveled within the meaning of the Act.  With respect to the first of these two elements, the court finds defendant was not required to register under SORNA prior to February 28, 2007.[4]  It was not until this date that the Attorney General exercised the authority delegated to him to extend SORNA's reach to sex offenders who were convicted before the Act's effective date.[5]  On February 28, 2007, the Attorney General issued an interim regulation that specified the registration requirements of the Act "apply to all sex offenders including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act."  Applicability of the Sex

---

[4]Defendant was, however, required to register under Oklahoma law, 57 O.S. § 582, and to update that registration pursuant to the Jacob Wetterling Act, 42 U.S.C. 14072(g)(3).

[5]Congress specifically provided that:

> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d).

Offender Registration and Notification Act, 72 Fed. Reg. 8894, 8897 (Feb. 28, 2007).

The court recognizes that other courts have held SORNA applied to sex offenders

such as defendant before the Attorney General acted. *See, e.g.*, United States v.

Hinen, 487 F. Supp. 2d 747, 750-51 (W.D. Va. 2007); United States v. Manning,

2007 W.L. 624037 (W.D. Ark. Feb. 23, 2007); United States v. Templeton, 2007

W.L. 445481 (W.D. Okla. Feb. 7, 2007).   Having examined the issue thoroughly,

however, this court concurs with the reasoning in United States v. Kapp, 487 F.

Supp. 536 (M.D. Pa. 2007).   A plain reading of the statute indicates that until the

Attorney General acted, the registration requirements of SORNA did not apply to

persons convicted before July 26, 2006.

> Section 113(d) comprises two clauses.  The first clause,
> as already discussed, authorizes the Attorney General to
> "specify the applicability" of SORNA to past offenders.
> The second clause authorizes the Attorney General to
> promulgate regulations related to the registration of sex
> offenders under SORNA.  Although the first clause speaks
> to "sex offenders convicted before the enactment of this
> Act or its implementation in a particular jurisdiction," the
> second   clause   provides   authority   to   promulgate
> regulations "for the registration of any such [previously
> convicted] sex offenders and for other categories of sex
> offenders who are unable to comply with subsection (b)."
> The words "any such" and "other categories" in the second
> clause indicate that § 113(d) contemplates two groups of
> sex offenders:  (1) past offenders and (2) those unable to
> initially register under subsection (b).  Significantly, the
> first clause of § 113(d), which addresses SORNA's
> applicability, only covers the first group:  past offenders.
> Therefore when the two clauses are read in conjunction,
> the first clause of § 113(d) unambiguously provides the
> Attorney   General   with   the   authority   to   define   the

> retrospective applicability of SORNA's registration requirements to past offenders.

Id. at 542.  *See also* United States v. Muzio, 2007 W.L. 2159462 (E.D. Mo. 2007).

As the indictment in this case charges defendant with failing to register both before and after the Attorney General's February 28, 2007 pronouncement,[6] the court must examine whether the travel element can be met without violating the *Ex Post Facto* Clause.  The court concludes it cannot.  It is undisputed that defendant's interstate travel occurred two years prior to enactment of SORNA.  The government concedes that such travel is required to establish "federal jurisdiction or federal criminal liability for the offense conduct."  Government's Response to defendant's Motion to Dismiss Indictment as a Matter of Law & as Violative of Ex Post Facto and Commerce Clause at 8.  Nonetheless, it argues that such travel need not occur after the effective date of the Act, only that it must occur after conviction for an offense that gives rise to SORNA's registration requirements.  Id. at 19.  This argument flies in the face of the standard canon of statutory construction that "Congress' use of a verb tense is significant in construing statutes."  United States v. Wilson, 503 U.S. 329, 333 (1992).  In § 2250, Congress used the present tense "travels", rather than the past-tense "traveled" or past-participle "has traveled".  The government's argument disregards this distinction.  *See* United States v. Smith, 481 F. Supp. 2d 846, 850-51 (E.D. Mo. 2007).

---

[6]The indictment alleges defendant failed to register during the period September 22, 2006 through April 3, 2007.  Indictment at 1 (Doc. No. 1).

Moreover, the government's construction runs afoul of the *Ex Post Facto* Clause.[7]  "To fall within the *ex post facto* prohibition, a law must be retrospective – that is, 'it must apply to events occurring before its enactment' – and it 'must disadvantage the offender affected by it', by altering the definition of criminal conduct or increasing the punishment for the crime".  Lynce v. Mathis, 519 U.S. 433, 441 (1997) (citations omitted).  The government's construction of the statute is clearly retrospective since it seeks to capture travel that occurred prior to SORNA's enactment.  In addition, there is no dispute that SORNA has increased the federal punishment for failing to register as a sex offender.  When defendant traveled to Oklahoma in 2004, he was required to register as a sex offender within ten days of the move pursuant to the Jacob Wetterling Act, 42 U.S.C. § 14072(g)(3).  In 2004 and currently, defendant was subject to prosecution for failing to register under that act.  42 U.S.C. §14072(i)(1).  The Jacob Wetterling Act, however, subjected defendant to a maximum punishment of one year imprisonment for a first offense.  42 U.S.C. § 14072(i).  In contrast, SORNA has increased the maximum penalty to ten years imprisonment.  Subjecting a defendant who traveled in interstate commerce prior to the effective date of SORNA to a ten-fold increase in punishment

---

[7]The government's reliance on Smith v. Doe, 538 U.S. 84 (2003), is misplaced, as the Court in Smith did not address criminal penalties associated with a failure to register as a sex offender. At issue in Smith was whether the registration itself – and the resulting publication of that information – constituted punishment.

6

clearly "disadvantage[s] the offender affected by it." Weaver v. Graham, 450 U.S. 24, 29 (1981).

The court rejects the government's contention that failure to register constitutes a continuing offense and thus the timing of the interstate travel is irrelevant. Rather than being a continuing crime, the offense proscribed by § 2250 is complete "on the 11th day after the defendant travels in interstate commerce from one jurisdiction to another, and fails to register after 10 days." Smith, 481 F. Supp. 2d at 852. Moreover, the government's argument that the *Ex Post Facto* Clause is not implicated by prosecution of defendant under § 2250 fails to recognize that SORNA increased the punishment for an existing federal offense.[8]

Based on the facts of this case – specifically, that defendant's interstate travel occurred two years prior to the effective date of SORNA – the court concludes that prosecution of defendant pursuant to 18 U.S.C. § 2250 would be violative of the *Ex Post Facto* Clause. Based on this ruling, the court need not address defendant's alternative argument under the Commerce Clause. Defendant's Motion to Dismiss Indictment as Violative of the *Ex Post Facto* and Commerce Clauses (Doc. No. 18)

---

[8]As noted, failure to register constitutes a criminal offense under both the Jacob Wetterling Act and SORNA. Under the Jacob Wetterling Act, however, failure to register constitutes a misdemeanor punishable by a term of imprisonment of no more than one year. 42 U.S.C. § 14072(i). In contrast, failure to register under SORNA is a felony, punishable by up to ten years imprisonment. 18 U.S.C. § 2250(a).

is therefore GRANTED.[9]  Judgment will issue accordingly.

It is so ordered this 13th day of August, 2007.

*Tim Leonard*
_____
TIM LEONARD
United States District Judge

---

[9]In light of this ruling, defendant's Motion to Strike Surplusage from the Indictment (Doc. No. 19) is DENIED as moot.